IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE SCOTT, | ) |
| Plaintiff, | ) Civil Action No. 2:09-cv-01175 |
| vs. | ) |
| INFOSTAF CONSULTING, INC. d/b/a SOURCE DIRECT.COM, MICHAEL ROBERTS AND TROY NINI | ) |
| Defendants. | ) |

AMBROSE, District Judge

## OPINION AND ORDER OF COURT

Pending before the court is a Partial Motion to Dismiss and a Motion to Strike filed by Defendants, Infostaf Consulting, Inc. ("Infostaf"), Michael Roberts ("Roberts"), and Troy Nini ("Nini"), (collectively referred to as "Defendants"), seeking to dismiss Count II of Plaintiff's Amended Complaint for Breach of Contract and to strike Plaintiff's allegations of a proposed settlement agreement in Paragraph 11 of Plaintiff's Amended Complaint and the proposed settlement agreement attached thereto as Exhibit "C". After careful consideration of the same, said Motions are denied in part and granted in part as more fully set forth below.

## OPINION

**I.     Background**

Plaintiff, Lawrence Scott ("Scott"), was formerly employed by Defendants from February of 2008 until June 23, 2009. Infostaf, doing business as SourceDirect.com, is a Texas corporation with its principle place of business located in Addison, Texas. Roberts

is the President and Chief Executive Officer of Infostaf and hired Scott in Pennsylvania. Nini is the Chief Operating Officer of Infostaf and was also involved in hiring Scott. Amended Complaint, ¶¶ 1-4.

Prior to working at Infostaf, Scott had been employed by Hewlett Packard ("HP") for thirty years. In February of 2008, Roberts and Nini lured Scott away from his position at HP. As part of Defendants' efforts to hire Scott, Roberts sent an email (Exhibit "B") to Scott on February 1, 2008 in which he contrasted the short-term employment commitment HP could make to Scott with the five year commitment Infostaf promised to make to him. *Id.* at ¶¶ 5-6. On February 5, 2008, Nini sent Scott a Letter Agreement (Exhibit "A"), which set forth the terms of the employment arrangement, including a five year term, a base salary of $150,000 per year plus a commission structure, and other employee benefits. *Id.* at ¶ 5.

In reliance on the aforementioned communications sent by Roberts and Nini, Scott accepted Infostaf's employment offer and began working for Infostaf. *Id.* at ¶ 7. On June 23, 2009, Defendants terminated Scott's employment with Infostaf. *Id.* at ¶ 9.

In his Amended Complaint, Scott avers that he and Defendants entered into a contract pursuant to which Infostaf would employ him for a five year term and compensate him during that time period, that Infostaf breached their contract with Scott by unlawfully terminating his employment prior to the ending of the five year period, and as a result of Defendants' actions, Scott has suffered economic and other damages. *Id.* at ¶¶ 22, 25, and 27.

**II. Legal Argument**

    **A. Legal Standard**

2

Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding whether to grant or deny a 12(b)(6) motion, the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly,* 550 U.S. 544, 555 127 S.Ct. 1995, 167 L.Ed.2d 929 (2007) (cites and footnote omitted); *see also, Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held, "...a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside,* 578 F.3d 203, No. 07-4285, 2009 WL 2501662 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it

3

states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing F.R.Civ.P. 8(a)(2). The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 583 127 S.Ct. 1955 U.S. (2007) citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 40 L.Ed.2d 90 (1974).

### B. Defendants' Partial Motion to Dismiss Count II – Breach of Contract

Defendants argue that the allegations contained in Scott's Amended Complaint and the attachments thereto do not establish an employment agreement between Scott and Infostaf for a definite term, and therefore, Scott was an at-will employee, subject to termination at any time. Defendants further assert that Scott's alleged detrimental reliance on Defendants' promise of employment for five years did not alter Scott's at-will employment status.

In response, Scott contends that the Letter Agreement (Exhibit "A") constituted a written contract between the parties and specifically included a five year term of employment. Additionally, Scott claims that his detrimental reliance on Defendants' promises of a five year employment contract is additional consideration that can overcome the presumption of at-will employment.

In order to establish a cause of action for breach of contract, the complaint must plead (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Pennsy Supply Inc. v. American Ash*

4

*Recycling Corp.*, 895 A.2d 595, 599 (Pa. Super. 2006). "A contract is formed if the parties agree on essential terms and intend them to be binding, even though they intend to adopt a formal document with additional terms at a later date." *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 522 (Pa. Super. 2009).

The existence of a contract in the employment context is particularly important given the presumption in Pennsylvania that employment is at-will. *See Knox v. Bd. Of School Directors of Susquenita School Dist.*, 585 Pa. 171, 183, 888 A.2d 640 Pa. (2005). The doctrine of at-will employment "holds that an employer may terminate an employee for any reason at all, unless restrained by contract." *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. 2005). Citing *Carlson v. Community Ambulance Services, Inc.*, 824 A.2d 1228, 1232 (Pa. Super. 2003). A party may rebut the presumption of at-will employment by establishing one of the following: (1) an agreement for a definite duration; (2) an agreement specifying that the employee will be terminated for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy consideration." *Janis v. AMP Inc.*, 856 A.2d 140, 144 (Pa. Super. 2004).

In general, an employment contract for a broad, unspecified duration is insufficient to overcome the presumption. *Id.*, at 144. "Definiteness is required." *Id.* The parties' "intentions regarding the agreement, gleaned by examining the surrounding circumstances, may enable an agreement to 'rise to the requisite level of clarity.'" *Marsh v. Boyle*, 366 Pa. Super. 1, 5 (1987) citing *Greene v. Oliver Realty Inc.*, 526 A.2d 1192, 1201 (1987). Additionally, the intent of the parties may be ascertained by the presence of additional consideration. *Id.*, at 5.

5

To prevail over a motion to dismiss, it is not necessary for Scott to fully prove his claims. Rather, his factual allegations must support a reasonable cause of action and entitlement to relief. Applying the standard set forth in *Iqbal* and *Twombly*, and accepting Scott's factual allegations as true, I find that Scott has met this burden.

In the present case, Scott's complaint alleges each of the three required elements to state a cause of action for breach of contract and to overcome the Pennsylvania presumption of at-will employment. Specifically, Scott claims that the Letter Agreement provided by Defendants constituted a written employment contract, which included a definite term of five years, Defendants breached the contract by terminating Scott's employment prior to five years elapsing, and as a result, Scott has suffered economic and other damages.

In support of Scott's allegation that he had a five year employment contract with Defendants, he has provided both an email and a letter sent by Defendants for the express purpose of retaining Scott's services as an employee. *See Smith-Cook v. National Railroad Passenger Corp. (AMTRAK)*, 2005 WL 3021101 (E.D.Pa. 2005) (a court deciding a motion to dismiss may consider attachments to the complaint). Both documents unequivocally emphasize a clear five year term of employment. In the email Roberts sent to Scott, Roberts wrote, "I am willing to give you a five (5) year employment contract. There is no way HP can do that...." The offer of employment letter that Nini sent to Scott repeated the promise that Scott would receive a five year employment contract and contained numerous specifications including salary, a signing bonus, information regarding the company's insurance, holiday, and vacation policies. The nature of the communications between Defendants and Scott indicate that

6

Defendants were attempting to entice Scott to join Infostaf and abandon his job with HP. As shown by Roberts' email, the five year contract being offered by Defendants was clearly contemplated to be a main incentive of employment with Infostaf and was intended by the parties to induce Scott into joining Infostaf.

In their brief, Defendants argue that the Letter Agreement was not an employment contract and only stated an intention to offer Scott a five year contract with mutually agreed upon terms. Defendants also attempt to argue that reference to a five year employment contract does not necessarily mean Scott was being offered employment for a definite term. However, to survive a motion to dismiss, Scott must only demonstrate that his claim has facial plausibility. Scott has gone beyond the mere assertion that he had an employment contract and has shown that Defendants sent him a Letter Agreement, titled "Offer of Employment," and that the Letter Agreement detailed the essential terms of the employment agreement including the specific offer of a five year employment contract, which Scott arguably accepted by joining Infostaf. Therefore, the factual allegations set forth in his Amended Complaint support a finding that Scott has sufficiently demonstrated a right to relief based on his claim of breach of an employment contract for a definitive duration. As a result, Defendants' Motion to Dismiss is denied.

Though I find that Scott's Amended Complaint has sufficiently alleged a five year employment contract such that it survives a motion to dismiss, I will briefly address the issue of detrimental reliance that both parties raised in their briefs. Paragraph 26 of Scott's Amended Complaint states: "In the alternative, Plaintiff reasonably relied to his detriment on Defendants' promise of a five year employment with Infostaf." Defendants argue that whether this element of the Amended Complaint is an attempt to make a

7

promissory estoppel argument or one based on detrimental reliance, it is not sufficient to overcome the presumption of at-will employment. In response, Scott contends that his intent was to claim detrimental reliance as additional consideration to overcome the presumption.

Sufficient additional consideration is one method by which to overcome the presumption of at-will employment. *Janis*, 856 A.2d at 144. Such consideration has been found to exist "if an employee bestows a legally sufficient detriment for the benefit of the employer beyond the services for which he was hired." *Ruzicki v. Catholic Cemeteries Ass'n of Diocese of Pittsburgh*, 610 A.2d 495, 497 (Pa. Super. 1992). Several types of sufficient consideration have been recognized by the courts including relocation of an employee, sale of a home, and the abandonment of other job opportunities. *Permenter v. Crown Cork & Seal Co.*, 38 F. Supp. 2d 372, 379 (E.D. Pa. 1999). However, "Pennsylvania law does not recognize promissory estoppel as an exception to the at-will employment doctrine." *Id. See also Geiger v. AT&T Corp.*, 962 F. Supp 637, 648. (E.D. Pa. 1997).

In his brief, Scott argues that detrimental reliance can serve as additional consideration in support of his contract argument but fails to provide supporting case law. The single case cited by Scott, *Hunts Point Cooperative Market, Inc. v. Madison Financial LLC,* 2009 U.S. App. LEXIS 19382 (3d Cir. 2009), was decided under New Jersey law and merely states the general contract principle that "valuable consideration may take the form of either a detriment incurred by the promisee or a benefit received by the promisor." *Hunts Point Cooperative Market, Inc.*, at 22. An independent review also failed to provide additional support for the proposition set forth in Scott's brief. Because

Scott's argument that detrimental reliance constitutes additional consideration sufficient to overcome the at-will presumption lacks supporting case law, it must fail.

## C. Defendants' Motion to Strike Paragraph 11 of Plaintiff's Amended Complaint and Exhibit "C"

In their Motion to Strike, Defendants allege that Paragraph 11 of Plaintiff's Amended Complaint and Exhibit "C", attached thereto, contain information stemming from settlement negotiations between the parties. In response, Plaintiff stated in his brief that he does not contest the Motion. Defendants' motion to strike allegations in the Amended Complaint pertaining to Defendants' attempt to compromise portions of Plaintiff's claims through a settlement agreement is therefore granted as unopposed. Specifically, reference to settlement negotiations in Paragraph 11 and Exhibit "C" should be stricken. The remainder of Paragraph 11, which contains independent allegations of specific monetary amounts owed to Plaintiff by Defendants, may remain.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lawrence Scott,  )<br>  )<br>   *Plaintiff,*  )<br>  )<br>vs.  )<br>INFOSTAF CONSULTING, INC. d/b/a  )<br>SOURCEDIRECT.COM, MICHAEL  )<br>ROBERTS AND TROY NINI  )<br>  )<br>   *Defendants.*  ) | Civil Action No. 2:09-cv-01175 |

AMBROSE, District Judge

### ORDER OF COURT

AND now, this 6th day of November, 2009, upon consideration of the Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f), filed by Defendants, it is hereby ORDERED that Defendants' Partial Motion to Dismiss is DENIED. Defendants Motion to Strike is GRANTED to the extent that references to settlement negotiations contained in Paragraph 11 of Plaintiff's Amended Complaint are stricken and Exhibit "C" relating to settlement negotiations is also stricken. The portion of Paragraph 11 of the Amended Complaint containing independent allegations remains.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

U.S. District Judge