IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Lawrence Scott,                          )
                                         )
              Plaintiff,                  )
                                         )
       vs.                               )    Civil Action No.  09-1175
                                         )
Infostaf Consulting, Inc. d/b/a          )
SourceDirect.com, Michael Roberts and    )
Troy Nini,                               )
                                         )
              Defendants.                 )

AMBROSE, Senior District Judge


**OPINION
AND
ORDER OF COURT**

        The factual and procedural details of this case are well known to the parties and I need

not repeat them in detail here.   In short, this is a diversity case in which Plaintiff has brought

state law claims against Defendants Infostaf Consulting, Inc. d/b/a SourceDirect.com ("Source

Direct"), Michael Roberts ("Roberts"), and Troy Nini ("Nini") (collectively "Defendants") alleging

breach of contract and violation of Pennsylvania's Wage Payment and Collection Law

("WPCL"), 43 Pa. Stat. § 260.1, *et seq.*   Plaintiff's claims arise from Defendants' alleged

wrongful termination of Plaintiff's employment.   Trial in this case is scheduled to begin on April

11, 2011.   Pending before the Court is Defendants' Motion in Limine to Exclude Testimony of

Expert Witness James C. Roddey (Docket No. 46) based on Daubert v. Merrell Dow Pharm.,

Inc., 509 U.S. 579 (1993) and its progeny and Federal Rules of Evidence 702 and 403.   Plaintiff

opposes Defendants' Motion.   (Docket No. 62).   After a careful review of the submissions by the

parties and for the reasons discussed in this Opinion, Defendants' Motion in Limine is denied.

## I. Applicable Standards

### A. Federal Rules of Evidence 401 and 403

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In turn, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse the issues." United States v. Casoni, 950 F.2d 893, 919 (3d Cir. 1991). The inquiries under Rules 401 and 403 are fact-intensive, and context-specific. Sprint v. Mendelsohn, 552 U.S. 379 (2008). The burden of establishing the admissibility and relevance of evidence rests on the proponent. See, e.g., Phillips v. Potter, Civ. A. No. 7-815, 2009 WL 258830, at *1 (W.D. Pa., Aug. 19, 2009).

### B. *Daubert* Standard and Federal Rule of Evidence 702

In Daubert, the Supreme Court held that:

> [f]aced with a proffer of expert scientific testimony, ... the trial court judge must determine at the outset ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

509 U.S. at 592-93. Subsequently, in Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999), the Supreme Court clarified any confusion regarding the intended reach of the Daubert decision, by declaring that the trial judge must perform this "basic gatekeeping obligation" to all expert matters, not just "scientific" matters. In the Third Circuit, the trial court's role as a "gatekeeper" announced in Daubert requires proof that: (1) the proffered witness is qualified as an expert; (2) the expert must testify about matters requiring scientific, technical, or specialized

knowledge; and (3) the expert's testimony must "fit" the facts of the case.  In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-42 (3d Cir. 1994).  Thus, pursuant to Daubert, the gatekeeping function requires the court to ensure that the expert testimony is both reliable and relevant. Daubert, 509 U.S. at 589; Kumho Tire Co., 526 U.S. at 147.

As to the first requirement - qualification - the Court of Appeals for the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more general qualifications." Paoli, 35 F.3d at 741.  "Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualification of experts." Id.  Thus, an expert can qualify based on a broad range of knowledge, skills, training and experience.

The second inquiry focuses on methodology.  The inquiry into methodology is designed to ensure that an expert's opinions are based upon "'methods and procedures of science' rather than on subjective belief or unsupported speculation; the expert must have 'good grounds' for his or her belief." Id. at 742.  Factors used to assess reliability may include whether: (1) the theory or technique can be tested; (2) the theory or technique has been peer reviewed; (3) there is a high rate of known or potential error; (4) there are standards or controls; (5) the theory is "generally accepted"; (6) there is a sufficient relationship between the technique and methods which have been established to be reliable; (7) the expert's qualifications are sufficient; and (8) the method has been put to non-judicial uses.  See Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 594 (D.N.J. 2002), aff'd, 68 F. App'x 356 (3d Cir. 2003).  "Some courts also consider additional factors relevant in determining reliability, including: (i) whether the expert's proposed testimony grows naturally and directly out of research the expert has conducted independent of the litigation . . . ; (ii) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion. . . ; (iii) whether the expert has adequately accounted for alternative explanations . . . ; (iv) whether the expert is being as careful as he would be in his professional work outside of the litigation context . . . ; and (v) whether the field of expertise asserted by the expert is known to reach reliable results for the

type of opinion proffered by the expert . . . ." Id. at 594-95 (citations omitted); see also Cuffari v. S-B Power Tool Co., 80 F. App'x 749, 751 (3d Cir. 2003) ("In short, trial courts should determine whether the expert's conclusion is based on valid reasoning and reliable methodology.").

Although this list of factors is lengthy, not each factor will be relevant to every reliability analysis. The "test of reliability is 'flexible.'" Kumho, 526 U.S. at 141. According to the Supreme Court, "Daubert's list of specific factors neither necessarily nor exclusively applies to all experts." Id. The relevance of the Daubert factors depends "on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Id. at 150 (internal quotation marks and citations omitted).

Finally, Daubert and Rule 702 require that the expert's testimony "fit" the facts of the case. "'Fit' requires that the proffered testimony must in fact assist the jury, by providing it with relevant information, necessary to a reasoned decision of the case." Magistrini, 180 F. Supp. 2d at 595 (citing Paoli, 35 F.3d at 743).

## II. **Defendants' Motion**

Plaintiffs offer James Roddey ("Roddey") as an expert witness in the field of marketing and sales. Plaintiffs expect Roddey to testify generally as to the standards and customs in the marketing and sales industry and specifically as to the application and analysis of Source Direct's advertising, marketing, and sales strategies and techniques in the Pittsburgh regional area and their adverse effects on Plaintiff's efforts in his job.

Defendants argue that Roddey's testimony should be excluded at trial for two reasons. First, Defendants contend that the testimony is subjective and speculative and is not based on any reliable analytical methodology. Defs.' Br. (Docket No. 47) at 5-7. Among other things, Defendants contend that Roddey fails to cite evidence of causation between Source Direct's purported approach to marketing in Pittsburgh and any sales results or lack thereof in Pittsburgh; fails to quantify the results that should follow his advocated sales and marketing methodology; fails to analyze the performance of Source Direct across its markets other than

Pittsburgh or the success of Source Direct Client Business Managers ("CBMs") in other territory; and fails to undermine Source Direct's "equally plausible reason" for Plaintiff's failures – i.e., that other CBM's were better at sales or made a greater effort than Plaintiff.  Id. at 5-6.

This argument is without merit.  After careful consideration, I agree with Plaintiff that Defendants' challenges to the reliability of Roddey's proffered testimony go to the weight of the evidence rather than its admissibility.  Simply because Roddey's opinions conflict with Defendants' theory of the case does not make them unreliable.  Moreover, Roddey's testimony is relevant to Plaintiff's contention that Source Direct's alleged total lack of marketing and sales efforts in the Pittsburgh territory significantly contributed to Plaintiff's inability to perform his duties.  The testimony also will assist the trier of fact to understand the marketing and sales issues.

Second, Defendants argue that I should exclude Roddey's testimony as unfairly prejudicial under Rule 403 because Roddey is a well-known public figure in the Pittsburgh area and his "public stature may give unwarranted weight in the minds of the jury to his opinions."  Id. at 7-8.  This argument is likewise unfounded.  Although Roddey's education and experience may lend credence to his testimony, his public stature in no way rises to the level of unfair prejudice within the meaning of Rule 403.  As Plaintiff notes in his opposition, excluding Roddey's otherwise relevant and admissible testimony solely based on his public stature would essentially "punish him for being successful."  Pl.'s Br. (Docket No. 62) at 15.  This simply is not the purpose of the Rule 403 exclusion.

For all of these reasons, Defendants' Motion in Limine is denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Lawrence Scott,                          )
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )      Civil Action No.  09-1175
                                         )
Infostaf Consulting, Inc. d/b/a          )
SourceDirect.com, Michael Roberts and    )
Troy Nini,                               )
                                         )
            Defendants.                  )

AMBROSE, Senior District Judge

**ORDER**

AND NOW, this 9th day of March, 2011, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendants' Motion in Limine to Exclude Testimony of Expert Witness James C.

Roddey (Docket No. 46) is denied as stated in the body of the Opinion.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court